IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| | § | |
| JOSHUA LIGUORI | § | No. 1:26-CV-00403-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| INTEL CORPORATION | § | |
| | § | |
| *Defendant*. | § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Intel Corporation's ("Defendant" or "Intel") Motion to Dismiss (Dkt. # 10) Joshua Liguori's ("Plaintiff" or "Liguori") Complaint (Dkt. # 1-2). Also before the Court is Defendant's Motion to Strike (Dkt. # 15) Plaintiff's Sur-Reply (Dkt. # 14). After careful consideration of the filings and relevant case law, the Court **GRANTS** Defendant's Motion to Dismiss. Because the Court does not rely on Plaintiff's Sur-Reply, it **DENIES AS MOOT** Defendant's Motion to Strike and Plaintiff's Motion for Leave to File Sur-reply. (Dkts. ## 15; 16.)

BACKGROUND

The Court will recite this case's procedural history, factual claims, and legal allegations in turn.

I. Procedural History

On January 20, 2026, Plaintiff, proceeding *pro se*, filed an Original Petition ("Petition" or "Complaint") in the 250th Judicial District Court of Travis County, Texas, Cause No. D-1-GN-000387. (Dkt. # 1-2.) On February 20, 2026, Defendant timely filed a Notice of Removal in this Court. (Dkt. # 1.) Defendant invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331 as well as its diversity of citizenship under 28 U.S.C. § 1332. (See id. at 1–2.)

On March 4, 2026, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 6.) Plaintiff responded on March 13, 2026. (Dkts. ## 11 (filed in hard copy with the clerk); 12 (filed on March 16, 2026, electronically via PACER).)[1] Defendant replied on March 20, 2026. (Dkt. # 13.) Plaintiff then filed a Sur-reply. (Dkt. # 14.)

II. Factual Allegations[2]

Liguori is a resident of Texas and Defendant is a Delaware corporation with its principal place of business in California. (Dkts. ## 1 at 1–2; 1-2 at ¶ 2.1.) Liguori's claims stem from an application for a Senior Director-

[1] The Court did not identify any difference between the two Responses other than the manner in which they were filed. For consistency, the Court cites the electronically-filed Response. (Dkt. # 12.)

[2] As required on a Motion to Dismiss under Rule 12(b)(6), the Court accepts the allegations in Liguori's Complaint as true. United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013).

level position at Intel which paid an annual compensation of approximately $145,000. (Dkt. # 1-2 at ¶ 5.1.) He concedes that Defendant made him a conditional offer: namely, it was "contingent upon completion of background screening and onboarding steps." (Id.) In response to "Intel's offer and [its] continuing representations that Plaintiff remained under consideration [for the Senior Director position], Plaintiff gave notice of resignation to his then-current employer." (Id. at ¶ 5.3.) Because Plaintiff's former employer had a policy of terminating employees upon the provision of two-week notice, Plaintiff was terminated when he gave his notice of resignation. (Id. at ¶ 5.4.) Plaintiff lost "approximately $4,000 in accrued/earned paid time off" as well as a year-end bonus that Liguori had anticipated. (Id. at ¶¶ 5.4(a)–(b).)

At some point during the recruiting process, Plaintiff alleges that Defendant's background check procedures became "unreasonably prolonged and delayed beyond customary hiring timelines." (Id. at ¶ 5.5.) Moreover, Intel "aligned [Liguori] with another individual located in Colorado," which caused "confusion and adverse assumptions [against Liguori] and rais[ed] concerns of mistaken identity or inaccurate matching." (Id. at ¶ 5.6.) Plaintiff's Complaint links this confusion to Intel's resci[ssion], withdraw[al], or effective[] abandon[ment of] the offered employment. (Id. at ¶¶ 5.7–5.9.) Because of the continued unemployment that Liguori experienced after Intel rescinded the conditional offer, Liguori contends he suffered reliance damages, lost past and future wages and "ongoing career disruption." (Id. at ¶ 5.10.)

III. Legal Allegations

Plaintiff's Petition from state court, which serves as the operative pleading in this removed case, alleges five distinct causes of action. (See id. at ¶¶ 6.1–6.22.) First, Liguori pleads promissory estoppel under Texas common law. (Id. at ¶¶ 6.1–6.6.) Second, he brings a claim for negligent misrepresentation—also under Texas common law. Id. at ¶¶ 6.7–6.11.) Third, and the last of his Texas common-law claims, he alleges Defendant acted negligently. (Id. at ¶¶ 6.12–6.15.) Liguori brings his fourth and fifth claims in the alternative. He claims that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and that Defendant engaged in discrimination and sex-based stereotyping." (Id. at ¶¶6.16–6.22.)

Regarding damages, Liguori asserts that he is entitled to three years of lost future wages, totaling $435,000, as well as past wages and compensation lost when he submitted his notice of resignation and was terminated by his prior employer. (See id. at ¶ 7.1.)

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." When analyzing a motion to dismiss for failure to state a claim, the Court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Kellogg Brown, 727 F.3d at 346 (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). The Court "must consider

the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56; cf., e.g., Lowy v. Daniel Def., LLC, 167 F.4th 175, 193 (4th Cir. 2026) ("Plaintiffs are not required to prove their case in the complaint." (citation modified)).

In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See Twombly, 550 U.S. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the

plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). "The pleadings of pro se litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression." Whitfield v. Am. Express Nat'l Bank, No. SA-24-CV-00081, 2024 WL 1543236, at *2 (W.D. Tex. Apr. 9, 2024) (citing Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). Nevertheless, pro se plaintiffs must "plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist." Id. (citing Chhim v. University of Tex. at Austin, 836 F.3d 467, 469 (5th Cir. 2016)).

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, "a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011) (quoting Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009)). And, when a 12(b)(6) motion is granted, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing

the action with prejudice. Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

DISCUSSION

This case was removed to federal court from the Texas state court. Plaintiff's FCRA and Title VII claims implicate this Court's original jurisdiction under 28 U.S.C. § 1331. And Plaintiff's state-law claims implicate the Court's original jurisdiction under § 1332. The Court will address each set of claims in turn.

I. FCRA claim

To allege a violation of the FCRA for obtaining consumer or investigative reports, a plaintiff must plausibly allege that a defendant did not comply with one or more of FCRA's procedures. In pertinent part, 15 U.S.C. § 1681b(b)(3), which the Court reads to govern Plaintiff's claims, provides:

**(3) Conditions on use for adverse actions**
**(A) In general**

Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates--

**(i)** a copy of the report; and

**(ii)** a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

**(B) Application by mail, telephone, computer, or other similar means**

**(i)** If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, and if a person who has procured a consumer report on the consumer for employment purposes takes adverse action on the employment application based in whole or in

> part on the report, then the person must provide to the consumer to whom the report relates, in lieu of the notices required under subparagraph (A) of this section and under section 1681m(a) of this title, within 3 business days of taking such action, an oral, written or electronic notification--
> **(I)** that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;
> **(II)** of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis);
> **(III)** that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and
> **(IV)** that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.
> **(ii)** If, under clause (B)(i)(IV), the consumer requests a copy of a consumer report from the person who procured the report, then, within 3 business days of receiving the consumer's request, together with proper identification, the person must send or provide to the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Bureau under section 1681g(c)(3) of this title.

Defendant argues that Plaintiff's FCRA claim must be dismissed because "he does not explicitly state if and when he received notice that he did not pass background screening, when adverse action was allegedly taken against him, and what was specifically said when he was told his candidacy did not move forward." (Dkt. # 6 at 8.) Plaintiff counters that his Complaint sufficiently alleges that Intel violated its obligations under FCRA. (Dkt. # 12 at 4–5.) Following Intel's admission that it relies on third-party reports during the background check (see Dkt. # 6 at 8), Liguori contends that his Complaint

indicates that he "was not provided the name of any consumer reporting agency used, was not given any pre-adverse action notice, was not provided a copy of the report, and was not given the opportunity to dispute the apparent mistaken-identity matching." (Dkt. # 12 at 5.)

Even so, courts "may not consider new facts alleged for the first time in a response to a motion to dismiss when ruling on that motion." Powell v. City of Houston, Civ. No. H-25-1360, 2025 WL 1635501, at *5 (S.D. Tex. June 6, 2025) (citing Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)). Thus, Plaintiff cannot now inject new factual allegations into his Complaint in opposition to a motion to dismiss. See, e.g., In re Enron Corp. Secs., Derivative & ERISA Litig., 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (observing that "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss"). Without any information about the circumstances of the alleged FCRA violation, Plaintiff has failed to plead "specific facts[ but has offered] mere conclusory allegations." Tuchman, 14 F.3d at 1067.

The lack of specific facts prevents Plaintiff from identifying any FCRA duty that Defendant violated. Even though Plaintiff need not prove his case in his Complaint, he must supply a more robust pleading than the one he filed here. Cf. Lowy, 167 F.4th at 193. Nor does Plaintiff allege that Intel obtained a consumer report about him without providing him the required disclosure or securing his authorization. See 15 U.S.C. § 1681b(b)(2)(A).

Moreover, Liguori's Complaint does not plausibly allege that Intel took the adverse action (*i.e.*, that it "rescinded, withdrew, or effectively abandoned the offered employment") without providing Liguori a copy of the report and a written description of his FCRA rights. (See Dkt.#1-2); cf.15 U.S.C. § 1681b(b)(3)(A) (imposing such duties on employers, like Intel, who rely on third-party consumer reports). That he asserts as much in his Response opposing Defendant's Motion to Dismiss is not enough. See, e.g., Dorsey, 540 F.3d at 338.

What is more, to the extent that Liguori alleges that Intel "aligned" him with another individual in Colorado, Liguori does not plead "factual content that allows th[is C]ourt to draw the reasonable inference that [Intel] is liable for the [FCRA violation] alleged." Iqbal, 556 U.S. at 678; cf., e.g., Finkley v. Cornucopia Logistics, LLC, No. 25CV16300, 2026 WL 2524258, at *5 (D.N.J. Aug. 26, 2026) (holding that "[t]he bare fact that a background check affected Plaintiff's eligibility for a job is not itself an FCRA violation" (citing 15 U.S.C. § 1681b)); (Dkt. # 1-2 at ¶¶ 6.16–6.19.) To be sure, "[t]he FCRA regulates how consumer reports are obtained and used, but [Liguori] must still plead facts showing that Defendant violated a specific statutory duty." Finkley, 2026 WL 2524258, at *5. The Court finds the Finkley court's holding persuasive because, as in that case, Plaintiff here has supplied merely a conclusory allegation that Intel violated the FCRA. Cf. id. Accordingly, Plaintiff's Complaint does not satisfy Federal Rule of Civil Procedure 8 because

it fails to plead enough facts to plausibly allege that Defendant violated 15 U.S.C. § 1681b. See, e.g., Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–57 (same).

The Court thus **DISMISSES** Plaintiff's FCRA claim **WITHOUT PREJUDICE**. See Great Plains, 313 F.3d at 329.

II. Title VII claim

"A plaintiff may only bring a Title VII claim in federal court after []he has exhausted h[is] administrative remedies before the EEOC." Woods v. Lancaster Indep. Sch. Dist., 834 F. Supp. 2d 512, 515–16 (N.D. Tex. 2011) (citing Taylor, 296 F.3d at 378–79). As a prerequisite to pursing claims in federal district court, a plaintiff must "file[ ] a timely charge with the EEOC and receive[ ] a statutory notice of right to sue." Taylor, 296 F.3d at 379 (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 788–89 (5th Cir. 1996)).

In his Complaint, Plaintiff enumerates "Count V — Discrimination / Sex-based Stereotyping (in the Alternative; Include Only If Administrative Requirements are Satisfied)." (Dkt. # 1-2 at 9.) He does not specify whether he brings this claim under Title VII or the Texas Commission on Human Rights Act ("TCHRA"), but the elements of a claim under either statute are the same. See, e.g., Newbury v. City of Windcrest, 991 F.3d 672, 675, 679 (5th Cir. 2021); Teague v. Williamson Cnty., No. 1:18-CV-1098, 2020 WL 2542869, at *5 n.4 (W.D. Tex. May 19, 2020) (collecting cases). He has not pleaded that he pursued any administrative remedies. (See Dkt. # 1-2.) To the contrary, he

admits that he did not file a charge with the EEOC or the Texas Workforce Commission before initiating this action in state court. (Dkt. # 12 at 5.) Accordingly, Plaintiff has not satisfied the precondition to filing a Title VII or TCHRA claim in this Court. See Taylor, 296 F.3d at 378–79; Newbury, 991 F.3d at 679. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Title VII claim.

III. State-law claims

A. Negligence

To state a claim for negligence under Texas law, a plaintiff must plead that the defendant owed him a duty, the defendant breached that duty, and the plaintiff incurred damages proximately caused by the defendant's breach. Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006) (citing Werner v. Colwell, 909 S.W.2d 866, 869 (Tex. 1995) (internal citation omitted)).

As an employer, Intel argues that it has no duty to prospective employees like Liguori. (See Dkt. # 6 at 4.) In support of this proposition, it cites Reeves v. Western Co. of North America. 867 S.W.2d 385, 390 (Tex. App.—San Antonio 1993, writ denied), abrogated on other grounds by Cain v. Hearst Corp., 878 S.W.2d 577 (Tex. 1994). The Reeves Court held that a prospective employer had no duty to disclose the results of an applicant's drug test. See 867 S.W.2d at 390. Plaintiff counters that the "undertaking doctrine" applies in this case to impose a duty on Intel. (Dkt. # 12 at 4.) The case that it cites for this proposition, Golden Spread Council v. Akins, concerns the legal

duty of a children's extracurricular organization to verify that their recommended scoutmaster for a church was not likely to molest children. See 926 S.W.2d 287, 292–93 (Tex. 1996). It is inapposite here.

Under Texas law, Intel owed no special duty to Liguori as an applicant for employment. See Reeves, 867 S.W.2d at 390. This is so even after he received the conditional offer. At that time, he was not an employee. He was someone whom Intel strongly considered for employment, but, by definition, Intel's conditional offer did not entitle Liguori to employment. See id. It *permitted* Intel to execute an employment agreement pending a successful background check. (See Dkt. # 1-2 at ¶ 5.) As Texas law imposes no special duty on a prospective employer in this situation vis-à-vis applicants for employment, Intel cannot be liable on a theory of negligence. See Reeves, 867 S.W.2d at 390. Therefore, Plaintiff's negligence claim is **DISMISSED WITHOUT PREJUDICE**.

B. Negligent misrepresentation

Relatedly, to state a claim for negligent misrepresentation under Texas law, a plaintiff must plead:

> (1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; *and* (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury.

Willis v. Marshall, 401 S.W.3d 689, 698 (Tex. App. —El Paso 2013, no pet.) (emphasis added) (citing Miller v. LandAmerica Lawyers Title of El Paso, 362 S.W.3d 842, 845 (Tex. App.—El Paso 2012, no pet.)).

As to the first element, Liguori alleges that Intel made representations to him: principally, Intel extended him a *conditional* offer of employment for a Senior Director role. (See Dkt. # 1-2 at ¶ 5.) Under Willis, this is enough. See 401 S.W.3d at 698. As to the second element, it is unclear that Intel provided false information for the guidance of others. See id. Nor does Liguori allege that Intel failed to exercise reasonable care or competence in obtaining or communicating information about him. See id. Liberally construed, however, the Court accepts that comments by Intel personnel to Liguori (*i.e.*, "align[ing him] with another individual located in Colorado" and "commentary about [Liguori] wearing makeup") were the product of something less than reasonable care. (Dkt. # 1-2 at ¶ 5.7.) Even so, those comments do not bear on the representations that Intel made about his job offer being conditional. Iqbal, 556 U.S. at 678; (Dkt. # 1-2 at ¶ 5.)

Assuming, *arguendo*, that Liguori has satisfied his Rule 8 burden on the first three elements of his negligent misrepresentation claim, his Complaint does not satisfy the fourth. Liguori's claim that Intel misrepresented that he remained under consideration for the Senior Director role and would be hired "contingent upon completion of background screening and onboarding steps" does not hold water. (Id. at ¶ 5.1) This is because he does not plead that

he *reasonably* relied on Intel's alleged misrepresentation. See Willis, 401 S.W.3d at 698. To the contrary, and by Plaintiff's own account, his offer from Intel was *conditional* when he tendered his notice of resignation. (Dkt. # 1-2 at ¶¶ 5.1, 5.3.) In other words, nothing was guaranteed. Liguori's claim that "Intel knew or reasonably should have known that Plaintiff would reasonably rely on the [conditional] offer and Intel's continued representations in making employment and financial decisions" strains credulity. (Id. at ¶ 5.2.) To be clear, the Court accepts all of the facts in Liguori's Complaint as true. However, it need not "accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Liguori's claim that he reasonably relied on Intel's statements concerning a conditional job offer lies at the heartland of such a legal conclusion. See id. As pleaded, this claim cannot withstand Intel's 12(b)(6) Motion. The Court **DISMISSES** Plaintiff's negligent misrepresentation claim **WITHOUT PREJUDICE**.

C. Promissory estoppel

To plead a claim of promissory estoppel under Texas law, a plaintiff must allege that (1) the Defendant made plaintiff a promise, (2) it was foreseeable that the defendant's promise would induce the plaintiff's reliance thereon, and (3) the plaintiff substantially relied on the defendant's promise to the plaintiff's detriment. See, e.g., English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983). Liguori's claim for promissory estoppel fails for similar reasons as his negligent misrepresentation claim. Although Intel made him a promise (the

conditional offer for the Senior Director role) and Liguori substantially relied on Intel's conditional offer to his detriment (foregoing his previous employment), it was not foreseeable that Intel's promise would induce such reliance. See supra. Accordingly, this claim also fails. Like the claims before it, the Court dismisses Plaintiff's claim for promissory estoppel **WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's Motion to Dismiss. (Dkt. # 6.) Plaintiff's claims are thus **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. Failure to amend his complaint within 30 days to address the deficiencies discussed herein will result in dismissal of Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, October 27, 2026.

David Alan Ezra
Senior United States District Judge